IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY LYNN SMITH                                          PLAINTIFF

V.                              NO. 13-3040

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tammy Lynn Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed her current application for SSI on October 4, 2005, alleging an inability to work since April 23, 2005, due to post-traumatic stress disorder (PTSD), arthritis, carpal tunnel syndrome, depression, and attention deficit disorder. (Tr. 65, 507). An administrative hearing was held on May 24, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 471-498). By written decision dated February 14, 2008, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - mood disorder and right ankle disorder and associated pain. (Tr. 22). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of

-1-

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform unskilled sedentary work, and that there were jobs Plaintiff would be able to perform, such as small production machine operator, small product assembler, and production inspector. (Tr. 23, 28).

As a result of an appeal to the United States District Court in <u>Smith v. Astrue</u>, No. 10-3070, by Memorandum Opinion, United States Magistrate Judge James R. Marschewski determined that Plaintiff's knee impairment rose to the level of a severe impairment, and therefore, the case was reversed and remanded for further consideration. <u>Id.</u> Judge Marschewski also directed that upon remand, the ambiguity between the hypothetical limitations in the VE interrogatories and RFC should be addressed. <u>Id.</u>

On August 23, 2011, the Appeals Council remanded the case to the ALJ pursuant to the Court's direction (Tr. 527), and on February 16, 2012, another hearing was held before the ALJ, where Plaintiff was represented by counsel, and she and her daughter testified. (Tr. 666-702). By written decision dated May 11, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - osteoarthritis of the right ankle and the left knee, carpal tunnel syndrome and mood disorder. (Tr. 507). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 507). The ALJ found Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can frequently finger and handle. She can occasionally work overhead, climb, balance, crawl, kneel, stoop and crouch. She can

-2-

> understand, remember and carry out simple, routine and repetitive tasks. She can respond to the usual work situations. She can occasionally interact with supervisors, co-workers and the general public.

(Tr. 509). The ALJ determined that Plaintiff had no past relevant work, and with the help of the VE, the ALJ determined that there were jobs Plaintiff would be able to perform, such as lamp shade assembler, fishing reel assembler, and inspector/weigher/checker. (Tr. 517).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 5, 2013. (Tr. 499-501). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are repeated here only to the extent necessary.

## I.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the

-3-

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

AO72A
(Rev. 8/82)

III.    **Discussion:**

It is somewhat difficult to discern what issues Plaintiff is raising on appeal. One of them appears to be that the ALJ erred in relying on the consultative mental examination by  Dr. W. Charles Nichols, Psy.D., of The Family Psychological Center, while improperly discounting the opinions of other treating mental health professionals. (Doc. 9).  Toward the end of Plaintiff's brief, in a short paragraph, Plaintiff argues that the ALJ did not consider the fact that she was limited by her carpal tunnel syndrome.

Regarding the ALJ's RFC determination, RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of  her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

AO72A (Rev. 8/82)

evidence in [the] record.'" <u>Prosch v. Apfel</u>, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. <u>Id.</u> at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. <u>Id.</u> (citing 20 C.F.R. § 404.1527(d)(2)).

Plaintiff argues that the ALJ erred by giving too much weight to Dr. Nichols' opinion and not giving appropriate weight to the opinions of Dr. Christopher Winslow, a medical doctor at Arkansas Counseling, and Barb Kelly, LMSW, of Arkansas Counseling.

On January 27, 2006, Dr. Nichols examined Plaintiff and diagnosed her as follows:

| | |
|---|---|
| Axis I: | PTSD, chronic |
| | Major depressive disorder, recurrent, moderate |
| | Panic disorder with agoraphobia |
| Axis II: | Deferred |
| Axis III: | Non reported |
| Axis IV: | Social Withdrawal |
| Axis V: | GAF 52 (current) |

(Tr. 234). At the time of Dr. Nichols' examination, Plaintiff was reported as taking Lexapro and Mirtazapine. (Tr. 231).

On February 23, 2007, a Medical Source Statement was provided by Ms. Kelly. (Tr. 423-426). Ms. Kelly found Plaintiff was markedly limited in one category, moderately limited in 5 categories, and not significantly limited in 9 categories. (Tr. 425).

On March 2, 2007, Dr. Winslow completed a Medical Source Statement. (Tr. 419-421). In the statement, Dr. Winslow found that Plaintiff was moderately limited in 6 categories, mildly limited in 12 categories, and not significantly limited in 2 categories. (Tr. 419). It is noteworthy that Dr. Winslow did not find Plaintiff suffered from any marked limitations.

-6-

Subsequent to the entry of the Memorandum Opinion dated July 27, 2011, on November 2, 2011, Plaintiff was assessed at Health Resources of Arkansas, and diagnosed as follows:

| | |
|---|---|
| Axis I: | PTSD |
| | MDD recurrent, moderate |
| Axis II: | no DX |
| Axis III: | High cholesterol, fibrocystis, iritis, thyroid, hiatal hernia, ART |
| Axis IV: | problems related to social environment, economic problems |
| Axis V: | 40 |

(Tr. 630).   On November 16, 2011, Plaintiff reported to Health Resources of Arkansas that she wanted to work in therapy and was not really interested in medication. (Tr. 632).  In a November 16, 2011 report from Health Resources, it stated that although Plaintiff's condition was "known to be responsive to tx" Plaintiff did not want to take it and preferred therapy instead. (Tr. 632).

On December 14, 2011, the diagnosis given in a Health Resources report was as follows:

| | |
|---|---|
| Axis I: | PTSD |
| | MDD by Hx |
| | Cannabis abuse |
| Axis II: | deferred |
| Axis III: | Hypothyroid, arthritis, increased cholesterol, ddd, iritis, fibrocystic breast |
| Axis IV: | problems with primary support; other psychosocial/environmental problems, economic problems, problems related to legal system/crime - 3rd degree battery May 2011 |
| Axis V: | 45 |

(Tr. 635).  At the hearing held on February 16, 2012, Plaintiff testified that although she is not taking any medications for her mental impairments, she had an "open slot for medication" if she decided she had to have them. (Tr. 680).  Plaintiff also testified that she had not been able to quit smoking and was still smoking about one pack of cigarettes per day, in spite of being advised to quit.  (Tr. 690).  In addition, Plaintiff admitted that she had problems with motivation (Tr. 681).

-7-

In his decision, the ALJ found the opinion of Dr. Nichols to be supported by the objective medical evidence of record and his examination of Plaintiff, and that the opinions of Dr. Winslow and Barb Kelly more limiting than the objective medical evidence of record would support. (Tr. 515). The ALJ also noted that Plaintiff was not taking any medication for her psychological impairments. (Tr. 510). "A failure to follow a recommended course of treatment also weighs against a claimant's credibility." Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005).

With respect to Plaintiff's brief mention of her carpal tunnel syndrome, on April 4, 2011, Dr. Ronald Rubio, of North Arkansas Rheumatology, PLC, noted upon physical examination that Plaintiff had good grip and curl. (Tr. 569). She was also found to have a normal range of motion in her elbows, and normal extension and flexion bilaterally in her wrists. (Tr. 569).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the various opinions, as well as the ALJ's assessment of Plaintiff's physical limitations.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 7th day of March, 2014.

/s/ *Erin L. Setser*
        HON. ERIN L. SETSER
        UNITED STATES  MAGISTRATE JUDGE

-8-